ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 07 2011

Stephan Harris, Clerk
Cheyenne

CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO
Assistant United States Attorney
2120 Capitol Avenue, Room 4002
Cheyenne, WY 82001
Tel: (307) 772-2124

KATHLEEN M. BANAR
AMANDA L. HARDING
Division of Enforcement
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, D.C. 20581
Tel: (202) 418-5335
Fax: (202) 418-5124
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | : |
| | : CIVIL ACTION NO.:  11-CV-302-J |
| Plaintiff, | : |
| | : COMPLAINT FOR PERMANENT |
| v. | : INJUNCTION, CIVIL MONETARY |
| | : PENALTIES, AND OTHER EQUITABLE |
| 1st INVESTMENT MANAGEMENT, L.L.C., | : RELIEF |
| | : |
| Defendant. | : |
| | : |
| | : |
| | : |

-1-

Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), by its attorneys, alleges as follows:

## I.    SUMMARY

1.    On October 18, 2010, the CFTC adopted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010) ("Dodd-Frank Act"), and the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq.*, with respect to off-exchange foreign currency ("forex") transactions. Pursuant to Section 2(c)(2)(C)(iii)(I)(aa) of the Commodity Exchange Act ("the Act"), as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), an entity must be registered if it wants to solicit or accept orders from a non-Eligible Contract Participant ("ECP") in connection with retail forex transactions at a retail foreign exchange dealer ("RFED") or futures commission merchant. Pursuant to CFTC Regulation ("Regulation") 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011), in connection with retail forex transactions, all RFEDs must be registered with the CFTC as of October 18, 2010.

2.    Beginning on October 18, 2010 and continuing to the present (the "relevant period"), Defendant 1st Investment Management, L.L.C. ("1st Investment"), upon information and belief, solicits or accepts orders from non-ECPs located in the United States in connection with retail forex transactions and is, or offers to be, the counterparty to these retail forex

transactions without registering with the CFTC, in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011).

      3.      By virtue of this conduct and the further conduct described herein, 1st Investment has engaged, is engaging, or is about to engage in acts and practices in violation of the Act, as amended, and the Regulations.

      4.      Accordingly, pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2), the Commission brings this action to enjoin 1st Investment's unlawful acts and practices and to compel its compliance with the Act, as amended, and the Regulations and to further enjoin 1st Investment from engaging in certain commodity or forex-related activity, including, through its website, soliciting customers or offering to be the counterparty to customers' retail forex transactions, without appropriate registration with the Commission.

      5.      In addition, the Commission seeks civil monetary penalties and remedial ancillary relief, including, but not limited to, trading and registration bans, disgorgement, rescission, pre- and post-judgment interest, and such other relief as the Court may deem necessary and appropriate.

      6.      Unless restrained and enjoined by this Court, 1st Investment likely will continue to engage in the acts and practices alleged in this Complaint and similar acts and practices, as more fully described below.

## II.    JURISDICTION AND VENUE

7.    Section 6c(a) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(a),

authorizes the Commission to seek injunctive relief against any person whenever it shall appear

to the Commission that such person has engaged, is engaging, or is about to engage in any act or

practice constituting a violation of the Act or any rule, regulation, or order thereunder.

8.    The Commission has jurisdiction over the conduct and transactions at issue in this

case pursuant to Sections 2(c)(2) and 6c of the Act, as amended, to be codified at 7 U.S.C.

§§ 2(c)(2) and 13a-1.

9.    Venue properly lies with the Court pursuant to Section 6c(e) of the Act, as

amended, to be codified at 7 U.S.C. § 13a-1(e), because 1st Investment transacts business in this

District and certain transactions, acts, practices, and courses of business alleged in this

Complaint occurred, are occurring, and/or are about to occur within this District.

## III.    PARTIES

10.    Plaintiff **Commodity Futures Trading Commission** is an independent federal

regulatory agency charged by Congress with the administration and enforcement of the Act,

7 U.S.C. §§ 1 *et seq.*, and the Regulations thereunder, 17 C.F.R. §§ 1.1 *et seq.*

11.    Defendant **1st Investment Management, L.L.C.** is a Wyoming limited liability

company ("LLC"), with its principal place of business located at 2710 Thomes Ave., Cheyenne,

WY 82001.  1st Investment registered as an LLC on September 24, 2007.  1st Investment also

operates the website *www.1stfx.net*, where it solicits or accepts orders from potential customers

to engage in, among other things, online forex trading.  1st Investment has never been registered with the Commission in any capacity.

## IV.    **STATUTORY BACKGROUND**

12.    For the purposes of trading forex, a "retail foreign exchange dealer" is defined in Regulation 5.1(h)(1), 17 C.F.R. § 5.1(h)(1) (2011), as any person that is, or offers to be, the counterparty to a retail forex transaction, except for certain persons not relevant to this Complaint.

13.    An ECP is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." *See* Section 1a of the Act, as amended, to be codified at 7 U.S.C. § 1a.

## V.    **FACTS**

14.    On October 18, 2010, the Commission adopted new regulations implementing certain provisions of Dodd-Frank and the CRA.  For the purposes of retail forex transactions, the new regulations, among other things, require RFEDs to register with the CFTC.

15.    On information and belief, 1st Investment solicits or accepts orders from customers located in the United States, who are not ECPs, to open leveraged forex trading accounts through its website, www.1stfx.net (the "1st Investment website"), which purports to trade in forex.  1st Investment solicits or accepts orders from United States customers through its website and does not prohibit non-ECPs from trading forex.

16.     As advertised on its website, 1st Investment offers two general types of trading accounts: individual accounts and corporate accounts, both of which trade in forex, among other products.

17.     1st Investment represents on its website that it utilizes the "MT4" trading platform to trade forex.

18.     Through representations made on its website, 1st Investment claims to act as the principal for the customer for the execution and clearance of forex contracts, which renders 1st Investment a counterparty.

19.     Specifically, 1st Investment's customer account agreement ("Account Agreement") provides that 1st Investment "agrees to . . .  act as principal for the Customer for the execution and clearance of orders for transactions involving the purchase and sale of . . . foreign exchange transactions," among other things.  Furthermore, the Account Agreement states that "Commodity contracts bought or sold will be transactions between [the customer] as principal and [1st Investment] as principal."

20.     Customers can open trading accounts by completing an account application online through the 1st Investment website ("Account Application").  The customer is asked to include his/her contact information and personal banking information in the Account Application.

21.     In addition to the Account Application, the customer is required to complete an Account Agreement that is also available through the 1st Investment website.  In the Account Agreement, the customer is asked to, among other things, select the appropriate amount of their: (1) annual income; and (2) net worth.  For each of these questions, the customer is asked to select

one of three choices: (1) Less than $100,000; (2) More than $100,000; or (3) More than $250,000. The customer is also asked to sign the Account Agreement. 1st Investment does not inquire as to whether or not its customers are ECPs and in fact, appears to allow individual customers who do not have total assets of $5 million or more to open accounts.

22.    Potential customers are directed to send the completed Account Application and Account Agreement, along with other supporting documentation, via e-mail to 1st Investment through a link on the 1st Investment website.

23.    1st Investment fails to inquire whether a prospective customer has the ability or the business need to accept foreign currency into his or her bank account.

24.    On information and belief, the forex transactions 1st Investment engages in neither result in delivery within two days nor create an enforceable obligation to deliver between a seller and a buyer who have the ability to deliver and accept delivery, respectively, in connection with their lines of business. Rather, these forex contracts remain open from day to day and ultimately are offset without anyone making or taking delivery of actual currency (or facing an obligation to do so).

25.    On information and belief, the retail forex transactions 1st Investment engages in neither result in delivery within two days nor create an enforceable obligation to deliver between a seller and a buyer who have the ability to deliver and accept delivery, respectively, in connection with their lines of business. Rather, these forex contracts remain open from day to day and ultimately are offset without anyone making or taking delivery of actual currency (or facing an obligation to do so).

26.     Thus, 1st Investment has been and is acting as an RFED and soliciting non-ECPs to trade forex at 1st Investment.

27.     As of the date of filing this complaint, 1st Investment has not registered with the CFTC.

28.     Furthermore, 1st Investment is not exempt from registration.

### VI.     VIOLATIONS OF THE COMMODITY EXCHANGE ACT

**COUNT ONE:**
**VIOLATION OF SECTION 2(c)(2)(C)(iii)(I)(aa) OF THE ACT,**
**AS AMENDED**
**FAILURE TO REGISTER**

29.     Paragraphs 1 through 28 are realleged and incorporated herein.

30.     During the relevant period, 1st Investment, solicits or accepts orders from non-ECPs in connection with retail forex transactions at an RFED.  1st Investment engages in this conduct without being registered as an RFED, as required by Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011), all in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

31.     Each day that 1st Investment engages in this conduct since October 18, 2010 is alleged as a separate and distinct violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

**COUNT TWO:**
**VIOLATION OF REGULATION 5.3(a)(6)(i)**
**FAILURE TO REGISTER AS A RETAIL FOREIGN EXCHANGE DEALER**

32.     Paragraphs 1 through 28 are realleged and incorporated herein.

33.    During the relevant period, 1st Investment is, or offered to be, the counterparty to retail forex transactions without being registered as an RFED in violation of Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011).

34.    Each day that 1st Investment fails to register as an RFED since October 18, 2010 is alleged as a separate and distinct violation of Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011).

## VII. **RELIEF REQUESTED**

WHEREFORE, the CFTC respectfully requests that this Court, as authorized by Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, and pursuant to its own equitable powers, enter:

A.    An order finding that 1st Investment violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa);

B.    An order finding that 1st Investment violated Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011);

C.    An order of permanent injunction prohibiting 1st Investment, and any other person or entity associated with it, from engaging in conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa);

D.    An order of permanent injunction prohibiting 1st Investment, and any other person or entity associated with it, from engaging in conduct in violation of Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011);

E.      An order of permanent injunction prohibiting 1st Investment, and any other person

or entity associated with it or its website, from operating its website while in violation of

Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at Section

2(c)(2)(C)(iii)(I)(aa), and Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011);

F.      An order of permanent injunction prohibiting 1st Investment and any successor

thereof, from, directly or indirectly;

     1)      Trading on or subject to the rules of any registered entity (as that term is

     defined in Section 1a of the Act, as amended, to be codified at 7 U.S.C. § 1a);

     2)      Entering into any transactions involving commodity futures, options on

     commodity futures, commodity options (as that term is defined in Regulation

     32.1(b)(1)), 17 C.F.R. § 32.1(b)(1) (2011)) ("commodity options"), swaps and/or

     foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act,

     as amended, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex

     contracts"), for its own personal account or for any account in which it has a

     direct or indirect interest;

     3)      Having any commodity futures, options on commodity futures,

     commodity options, swaps, and/or forex contracts traded on their behalf;

     4)      Controlling or directing the trading for or on behalf of any other person or

     entity, whether by power of attorney or otherwise, in any account involving

     commodity futures, options on commodity futures, commodity options, swaps,

     and/or forex contracts;

5)      Soliciting, receiving, or accepting any funds from any person for the

purpose of purchasing or selling any commodity futures, options on commodity

futures, commodity options, swaps, and/or forex contracts;

6)      Applying for registration or claiming exemption from registration with the

CFTC in any capacity, and engaging in any activity requiring such registration or

exemption from registration with the CFTC except as provided for in Regulation

4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011); and

7)      Acting as a principal (as that term is defined in Regulation 3.1(a), 17

C.F.R. § 3.1(a) (2011)), agent, or any other officer or employee of any person

registered, exempted from registration or required to be registered with the CFTC

except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011).

G.      Enter an order requiring 1st Investment, as well as any of its successors, to

disgorge to any officer appointed or directed by the Court all benefits received including,

but not limited to, salaries, commissions, loans, fees, revenues, and trading profits

derived, directly or indirectly, from acts or practices that constitute violations of the Act,

as amended, and the Regulations, including pre- and post-judgment interest;

H.      Enter an order directing 1st Investment and any successors thereof, to rescind,

pursuant to such procedures as the Court may order, all contracts and agreements,

whether implied or express, entered into between them and any of the customers whose

funds were received by them as a result of the acts and practices, which constituted

violations of the Act, as amended, and the Regulations as described herein;

I.      Enter an order requiring 1st Investment to pay civil monetary penalties under the

Act, to be assessed by the Court, in amounts of not more than the higher of: (1) triple the

monetary gain to 1st Investment for each violation of the Act, as amended, and the

Regulations; or (2) $140,000 for each violation committed on or after October 23, 2008;

J.      Enter an order requiring 1st Investment to pay costs and fees as permitted by

28 U.S.C. §§ 1920 and 2412(a)(2) (2006); and

K.      Enter an order providing such other and further relief as this Court may deem

necessary and appropriate under the circumstances.

Dated:   9/7/11                          Respectfully submitted,

CHRISTOPHER A. CROFTS              PLAINTIFF COMMODITY FUTURES
UNITED STATES ATTORNEY             TRADING COMMISSION

By: NICHOLAS VASSALLO              Kathleen M. Banar, Chief Trial Attorney
Assistant United States Attorney   (Ill. Bar. No. 6200597)
2120 Capitol Avenue, Room 4002     *kbanar@cftc.gov*
Cheyenne, WY 82001
Tel: (307) 772-2124                Amanda L. Harding, Trial Attorney
                                   (Ill. Bar No. 6299967)
                                   *aharding@cftc.gov*

                                   Commodity Futures Trading Commission
                                   Division of Enforcement
                                   1155 21st Street, NW,
                                   Washington, D.C. 20581
                                   Telephone: (202) 418-5000
                                   Fax: (202) 418-5531